# THE ATTORNEY GENERAL
# OF TEXAS
**ATTORNEY GENERAL**


February 11, 1957

Hon. J. M. Falkner, Commissioner
State Department of Banking
Capital National Bank Building
Austin, Texas

Opinion No. WW-22

Re: Whether the proposed plan of the
Marshall National Bank, Marshall,
Texas, to provide additional bank-
ing facilities is in violation of
Article 342-903, V.C.S., Texas
Banking Code of 1943.

Dear Sir:

You have asked our opinion as to whether the pro-
posed plan of the Marshall National Bank, Marshall, Texas
to build and install drive-in facilities in the next block
west of the main bank building, approximately 185 feet from
the property line of the main bank to the property line of
the drive-in bank, violates the provisions of Article 342-
903, Vernon's Civil Statutes, the Texas Banking Code of 1943.
You have indicated that it is your opinion that the proposed
plan does violate Article 342-903.

Article 342-903, V.C.S., provides as follows:

"No state, national or private bank shall
engage in business in more than one place, main-
tain any branch office, or cash checks or receive
deposits except in its own banking house."

The following is a rough sketch of the proposed lo-
cation of the new banking facilities:



You have indicated that the following transactions are to be handled at the new facilities:

(1)   The personal loan department of the Marshall National Bank will be moved to the new drive-in building and all personal loans of $500 or less will be handled in the new building.  The $500 limit is only an approximate limit, and loans that exceed that amount by a few dollars may also be made at the drive-in.

(2)   The drive-in will have three teller stations for accepting deposits, cashing checks, and accepting payments on notes.

(3)   "Walk-in" as well as "drive-in" service is contemplated at the new facilities, with additional employees behind a counter on the inside of the drive-in building to handle the walk-in customers.

(4)   A fireproof night depository vault will be maintained at the drive-in.

(5)   Cashier's checks, bank drafts, bank money orders and traveler's checks will not be issued at the drive-in.

The bank has proposed the following method of operation:

(1)   The drive-in building will be connected to the main bank by two underground pneumatic tubes, each five inches in diameter, which will carry up to five pounds.

(2)   The tellers will not send each item received to the main bank immediately, but it is contemplated that items may be transmitted to the main bank at about fifteen or twenty minute intervals.

(3)   A closed circuit TV will be installed between the drive-in and bookkeeping and proof department in the main bank.

(4)   Currency will be kept in the main bank vault over-night.  However, a fireproof vault with a silver chest will be maintained at the drive-in, and silver will be kept in that vault.

(5)   The personal loan department records will be maintained at the drive-in.

(6)  Records of tellers' balances will be sent to the main bank at closing each day.

(7)  Supplies necessary for operation will be kept at the drive-in.

While the powers of a state bank in Texas are enumerated in Article 342-301, V.C.S., most of the decisions throughout the United States recognize that the ordinary essential fetures of the banking business are the power to accept deposits of money repayable to the order of the depositor, the discounting of commercial paper, the issuance of negotiable notes, and the loaning of money upon security. Warren v. Shook, 91 U.S. 704, 23 L.Ed. 421; 9 C.J.S. 31; Zollmann, Banks and Banking, Volume 1, Section 67.

Many of the decisions and authorities throughout the United States recognize that not all of these banking functions need be exercised in order to constitute an institution a bank. The exercise of some of the functions of banking such as loaning money, selling bonds, receiving deposits or cashing checks may be sufficient to bring the institution within the regulations passed by the state relative to banks. Kaliski v. Gossett, 109 S.W.2d 340 (Tex.Civ.App. 1937); Zollmann, Banks and Banking, Volume 1, Section 67. Three excellent annotations on the constituent elements of branch banking are found in 30 A.L.R. 927, 50 A.L.R. 1340, and 136 A.L.R. 471. However, it is not necessary for us to determine whether the plan of the Marshall National Bank actually proposes a technical "branch bank", for Article 342-903 is not limited to technical branch banking.

As noted above, Article 342-903 provides that no state, national or private bank shall (1) engage in business in more than one place, (2) maintain any branch office, nor (3) cash checks or receive deposits except in its own banking house. After a thorough and exhaustive review of the decisions of the various state and federal courts and prior opinions of this office passing upon the question of "branch banking" and related questions, we are in agreement with your conclusion that the proposed plan of the Marshall National Bank violates the provisions of Article 342-903.

We are of the opinion that if the proposed plan is put into effect the Marshall National Bank would be engaged in business in more than one place in violation of the statute.

Title 12, U.S.C.A., Section 36, authorizes national banks to establish and operate branches "if such establishment

and operation are at the time authorized to state banks by the statute law of the state in question."  As the Texas Constitution, Section 16 of Article XVI, and Article 342-903, V.C.S., the Texas Banking Code of 1943, prohibit such activity, the Marshall National Bank, Marshall, Texas, is without authority under federal law to provide the additional banking facilities, and in doing so would violate the provisions of Article 342-903, V.C.S.

This opinion is necessarily limited to the facts of the situation as set out herein, which we understand to be undisputed facts.

## SUMMARY

The proposed plan of the Marshall National Bank, Marshall, Texas, to construct additional banking facilities in the next block west of its main bank would be in violation of Article 342-903, V.C.S., the Texas Banking Code of 1943.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Will D. Davis

Will D. Davis
Assistant

WDD:wb

APPROVED:

OPINION COMMITTEE

BY H. Grady Chandler,
    Chairman